The judgment of the United States Customs Court is *affirmed*.

UNITED STATES *v.* J. E. BERNARD & CO., INC. (No. 4321)[1]

United States Court of Customs and Patent Appeals, October 28, 1940

*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard E. FitzGibbon*, special attorney, of counsel), for the United States.

No appearance for appellee.

[Oral argument October 2, 1940, by Mr. FitzGibbon]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

GARRETT, Presiding Judge, delivered the opinion of the court:

This is an appeal by the Government from the judgment of the United States Customs Court, Second Division, sustaining appellee's

[1] C. A. D. 142.

protest and awarding recovery of certain of the moneys paid by appellee as duties assessed and collected by the Collector of Customs at the port of Chicago, Ill., upon an importation of filters.

Two devices were imported. These are described on the consular invoice as "1 sheet filter Optimus-Duplex" and "1 sheet filter Optimus-S." A witness called by the importer testified that the only difference between them is that one is a "six-sheet" filter and the other a "twelve-sheet" filter.

The collector assessed duty at 45 per centum ad valorem, the articles being classified under the language of paragraph 397 of the Tariff Act of 1930, reading:

PAR. 397. Articles or wares not specially provided for, * * * if composed or in chief value of * * * other metal, * * * whether partly or wholly manufactured, 45 per centum ad valorem.

The importer filed protest in which alternative claims were made.

There was no appearance on its behalf before us, either by brief or in oral argument, but we deduce from the decision of the trial court that before it reliance was placed solely upon the claim under paragraph 372 of the act. In any event, we do not regard the other claims of the protest as having any basis which requires our consideration, and, therefore, confine ourselves to the claim which the trial court sustained.

The particular language upon which the claim is based reads:

PAR. 372. * * * all other machines, finished or unfinished, not specially provided for, 27½ per centum ad valorem: *Provided*, That parts, not specially provided for, wholly or in chief value of metal or porcelain, of any of the foregoing, shall be dutiable at the same rate of duty as the articles of which they are parts: * * *

To be specific, the claim is that the filters are parts of machines. The trial court so held.

The testimonial record is brief. Mr. Henry Eckemeyer, who stated that he was the importer of the merchandise, testified on behalf of appellee, and the Government called a witness who had been a United States Treasury representative in Germany, in which capacity he had had occasion to investigate filters. There is no material conflict in their testimony. Mr. Eckemeyer described the devices, told how they were operated, and filed a photograph stated to be illustrative of the filters in operation.

It appears from the testimony of both witnesses that the filters are used in the filtration or clarification of liquids such as wines, whiskies, fruit juices, and vinegar. Mr. Eckemeyer described the filters as consisting "of a frame, or skeleton, in which are inserted plates, and between those filter plates you insert filter sheets." He stated further, "* * * In order to operate the filter you need a pump to press the liquid through. By this means you overcome the

resistance in the filter and remove the suspended matter, and then the liquid leaves the filter clarified." After being clarified in the filter the liquid passes through tubes to a device described in the testimony of the importer as "the bottle-filling machine."

So, the complete outfit utilized in an operation wherein the devices at issue are used comprises three general units; to wit, a pump, a filter and a container-filling device. The pump forces the liquid out of a tank into, or through, the filter sheets that are between filter plates embraced in a frame, whence it goes to the container-filling unit. Incidentally, the testimony of both the importer and the witness called on behalf of the Government is quite positive that a pump is essential to the filtering operation. Both testified, in substance, that no successful result would be obtained by pouring the liquid on the filter sheets by hand, pressure being required, and one statement of the importer is to the effect that pump force is necessary in delivering the clarified liquid to the container-filling unit. The photograph introduced in evidence as illustrative of a filter outfit in operation indicates that it is operated by one person located adjacent the container-filling device.

From the evidence in the case it is apparent that the filters are devices which possess no mechanically operating features. Liquids are conveyed to and forced through them by an independent mechanism—a pump—which, so far as the record discloses, might readily be used for pumping in other connections. After passing through the filters, the liquids are conveyed by means of tubes to a container-filling device which, so far as the record shows, might be used for the same purpose in an entirely different relationship . While the combined units may fall within the broad designation of machinery, it must be borne in mind that there is a distinction between "machinery" and "machines," and that paragraph 372, supra, while providing for parts of machines does not provide for parts of machinery.

The case as presented is quite analogous to the case of United States v. National Folding Box Co., 24 C. C. P. A. (Customs) 316, T. D. 48756.

The filters are not themselves machines and the trial court properly so held. The error on the part of that court, as we view it, lay in the holding that they constitute parts of machines in the sense of paragraph 372, supra.

The judgment of the United States Customs Court is reversed.

BLAND, J., concurs in the conclusion.